N. KING KNOX *v.* JOHN BUHLER.

Notarial Certificate of notice of nonpayment, put in the Post Office at Baton Rouge, was headed as follows: "Baton Rouge, May 19, 1852.  *Mr. John Buhler*—Parish of West Baton Rouge—Lobdell's Store Post Office, La."  It was objected that this was no proof that the letter to *Buhler,* on the outside, was directed to any place.  *Held:* that the Certificate was sufficient.

APPEAL from the District Court, Sixth District, Parish of West Baton Rouge.  *Robertson,* J.  *J. M. & J. E. Elam,* for plaintiff.  *Seymour,* for defendant and appellant.

SLIDELL, J.  The defendant is sued as endorser of a promissory note.  There was judgment against him in the Court below.  The only ground for reversal argued here is the alledged insufficiency of the notarial certificate of notice of protest.

KNOX
*v.*
BUHLER.

The only evidence offered to prove notice was a certified copy of the certificate of the Parish Recorder (ex-officio a notary) in these words:

BATON ROUGE, May 19th, 1852.

MR. JOHN BUHLER,

Parish of West Baton Rouge,

. Lobdell's Store Post Office, La.

MR. JOHN BUHLER, Parish of East Baton Rouge,

Baton Rouge Post Office, La.

MR. N. KING KNOX, Baton Rouge, La.

SIR.

Please to take notice that a Promissory Note, drawn by Thos. Devall, for $1910 89, dated the 29th day of May, 1850, and due this day, has been duly protested by me for non-payment, and that the holder looks to you for payment as endorser thereof.          Respectfully, your obt. servant,

[Signed.]        SAM. SKOLFIELD, Recorder.

I hereby certify, that on this nineteenth day of May, eighteen hundred and fifty-two, I served three original notices, whereof the above is a true copy, by depositing two for *John Buhler*, first endorser, in the Post Office at this place, and by delivering one for *N. King Knox*, second endorser, to him in person, and of which I made this record in presence of *J. Larquier* and *Joseph Nephler*, witnesses, at Baton Rouge, on the day and year above written.

J. LARQUIER.            [Signed.]   SAM. SKOLFIELD, Recorder.
JOS. NEPHLER.

I certify the within to be a true copy of the original notices of protest and manner of the service.

Given under my hand and Seal of Office, at Baton Rouge, this 16th day of June, 1852.          [Signed.]        SAM. SKOLFIELD, Recorder.

[Seal.]

It is admitted that Lobdell's Store Post Office, in the Parish of West Baton Rouge, was the proper post office to which to address by mail a letter to *Buhler ;* but it is argued that the certificate is defective in this respect, " that the certificate of the notary does not state that the notices of protest were directed to him at that or any other place." The address stated in the certificate, it is said, is the mere inside address of the letter, and it does not appear from the certificate that such an address was on the outside of the letter which the notary put into the Post-office.

It is obvious from his decree that the District Judge thought the certificate imported a declaration by the notary that one of the letters put into the post-office was externally addressed to " *Mr. John Buhler*, Parish of West Baton Rouge, Lobdell's Store Post Office, La. : " and we are not prepared to say the District Judge erred in considering this the reasonable and fair intendment of the certificate, taken as a whole. The notary, after copying the letters so addressed, says, he deposited the two letters for *Buhler* in the post-office of the place of protest. Taking this expression in its popular sense, and reading it in connection with the rest of the certificate, we may fairly understand the notary as saying that he put them in the post-office addressed as in the heading of the letters. To suppose that the notary put them in the post-office without any address, is to suppose him to have first committed a gross omission of duty in a business he was employed to perform, and then to have disingenuously put his name to a certificate which would suggest to an ordinary mind a state of facts different from what really existed. We take it to be a just rule of interpretation, in a matter of this sort, that where the instrument is susceptible of two

Knox<br>v.<br>Buhler.

constructions, one consistent with official duty and a reasonable and business-like purpose, and the other involving a gross omission of duty under circumstances clearly showing that such omission was not attributable to a lack of information on the part of the public officer as to the proper mode of accomplishing the purpose for which he was employed, the former interpretation should be adopted.

Judgment affirmed with costs.